# United States District Court
# Central District of California

| | |
|---|---|
| TIFFNI ALTES,<br><br>    Plaintiff,<br><br>  v.<br><br>BULLETPROOF 360, INC.,<br><br>    Defendant. | Case No. 2:19-cv-04409-ODW (SKx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [31]** |

## I. INTRODUCTION

Plaintiff Tiffni Altes ("Altes") files a motion for preliminary injunction against Defendant Bulletproof 360, Inc. ("Bulletproof") for the sake of public health and the right to a marketplace free of unfair competition. (*See generally* Mot. for Preliminary Injunction ("Mot."), ECF No. 31.) For the reasons that follow, the Court **DENIES** Altes's Motion for Preliminary Injunction ("Motion").[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Defendant Bulletproof manufactures, markets, distributes, and sells Bulletproof Cold Brew Coffee ("Coffee Product"). (First Am. Compl. ("FAC") ¶ 3, ECF No. 26.) Altes alleges that she purchased the Coffee Product "at least twice in the last two years." (FAC ¶ 83.) Altes also alleges that she would not have purchased the product had she known that the Coffee Product was unlawfully labeled or misbranded. (FAC ¶ 83.)

Altes alleges that Bulletproof makes numerous deceptive and misleading health claim. (FAC ¶¶ 27–37.) For instance, Altes lists the following statements and representations that appear on the label of the Coffee Product as misleading and deceptive: "All Day Energy + Protein," "Certified Clean Coffee," "Brain Octane Oil," "Fuel to Sustain Your Mind and Body," 0g Sugar," "Lasting Energy," "Fewer Cravings [] Brain Octane Oil Powers You Brain and Curbs Snack Attacks," "It's clean coffee certified to be free of 27 energy-sapping toxins, plus grass-fed butter and Bulletproof Octane Oil—extracted from the most potent part of the coconut—to power your brain and body and give you steady, all day energy," and "Essential for Hair, Skin & Nails" on the Coffee Product with collagen protein. (FAC ¶¶ 62, 86.) Altes also alleges that similar health claims appear on Bulletproof's website referenced on the label of the Coffee Product. (FAC ¶ 21.)

Altes further alleges that Bulletproof ignores the Food and Drug Administration ("FDA") regulations in marketing its Coffee Product, makes health benefit claims that should require FDA new drug approval, and fails to comply with FDA regulations governing nutrient content claims. (FAC ¶¶ 6–7, 50–70.) Specifically, Altes alleges that Bulletproof fails to comply with the labeling requirements for over-the-counter stimulant drug products despite its claims to boost energy. (FAC ¶¶ 46–49.) Altes also alleges that Bulletproof violates FDA regulations by stating "zero sugar" and "0g sugar" on its label without indicating that the product is "not a lowcalorie food." (FAC ¶¶ 50–61.) Bulletproof further makes unauthorized nutrient content claims

regarding the effects of collagen in its product. (FAC ¶¶ 61–64.) Finally, Altes alleges that the FDA regulations disqualify the Coffee Product from making any health claim at all because of its excessive saturated fats content. (FAC ¶¶ 65–70.) Ultimately, Altes surmises that by deceiving consumers into purchasing unhealthy products and failing to comply with various regulations, Bulletproof benefits from an unfair advantage over competitors that comply with the state and federal law. (FAC ¶ 9.)

As a result, on May 21, 2019, Altes brought suit against Bulletproof on behalf of herself and all others similarly situated alleging a violation of the (1) Unfair Competition Law ("UCL") and (2) Consumer Legal Remedies Act ("CLRA"). (FAC ¶¶ 88, 96–111.) Primarily for the sake of public health, Altes seeks a preliminary injunction against Bulletproof and files the instant motion.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctions. An injunction is an exercise of a court's equitable authority which should not be invoked as a matter of course, but "only after taking into account all of the circumstances that bear on the need for prospective relief." *Salazar v. Buono*, 559 U.S. 700, 714 (2010). To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of the equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The moving party bears the burden of meeting all four *Winter* elements. *DISH Network v. FCC*, 653 F.3d 771, 776–77 (9th Cir. 2011).

## IV. REQUEST FOR JUDICIAL NOTICE[2]

Bulletproof seeks judicial notice of a screen capture of its website and two journal articles that Altes relies on in her Motion. (Req. for Judicial Notice, ECF No. 34.) "[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A document may be incorporated by reference where neither party disputes its authenticity and the pleading necessarily relies on the document. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Here, Bulletproof requests the Court to consider materials incorporated by reference in both Altes's Motion and the amended complaint. As neither party disputes its authenticity, the Court may consider the exhibits in the disposition of this Motion.

## V. DISCUSSION

Altes seeks a preliminary injunction against Bulletproof primarily to protect the health of current and future consumers. Bulletproof asserts that Altes faces no irreparable harm and any possible injury could be redressed with monetary damages.

As a preliminary matter, Altes fails to specify what she seeks to enjoin. (Mot. 12.) Specifically, she does not indicate whether she wishes the Court to order Bulletproof to update its labels and become compliant with the FDA regulations, enjoin Bulletproof from selling its Coffee Product altogether, or grant an entirely different remedy. If narrowly tailored to prevent only the illegal conduct at issue, an injunction is permissible, however, the Court does not reach the issue because it finds that Altes has failed to assert any irreparable harm.

"[P]laintiffs seeking preliminary injunctive relief [must] demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 555 U.S. at 22. A

---

[2] Bulletproof files objections to the Declaration of Karl Nadolsky. (Evid. Objs. and Req. to Strike Decl. of Karl Nadolsky, ECF No. 36.) As the Court finds on alternative grounds that Altes fails to assert cognizable irreparable harm, the Court **DENIES** all objection as moot.

mere possibility of irreparable harm is insufficient. *Id.* "[A] party is not entitled to a preliminary injunction unless he or she can demonstrate more than simply damages of a pecuniary nature." *Regents of Univ. of Cal. v. Am. Broad. Cos.*, 747 F.2d 511, 519 (9th Cir. 1984) (citing *Los Angeles Mem. Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1202 (9th Cir. 1980)); *but see Herb Reed Enters., LLC v. Florida Entm't Mgmt.*, 736 F.3d 1239, 1250 (9th Cir. 2013) (discussing, in the trademark context, that "[e]vidence of loss of control over business reputation and damage to goodwill could constitute irreparable harm"). "[P]laintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from the harm." *Columbia Sussex Mgmt., LLC v. City of Santa Monica*, No. 219CV09991ODWSKX, 2019 WL 6893967, at *2 (C.D. Cal. Dec. 18, 2019) (citing *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992)).

Altes concedes "that the money she paid for Bulletproof can be quantified and redressed with a restitutionary award." (Reply 2, ECF No. 37.) Likewise, class members' claims that fraud or deception induced their purchase of the Coffee Product can similarly be redressed by money damages. *See Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 3776172, at *10 (N.D. Cal. July 15, 2013) (finding that the damages from fraud-induced purchases are monetary); *Colorado River Indian Tribes v. Town of Parker*, 776 F.2d 846, 850–51 (9th Cir.1985) ("[P]urely monetary injury is compensable, and thus not irreparable." (internal citations and quotations omitted)).

However, Altes also asserts that the significant health risk posed by the labels constitutes irreparable harm. For example, she argues that consumers will misconstrue the "0 sugar" and "Zero sugar" claims to mean that the product is low in calories. (Mot. 9.) However, text on the label stating: "Brain Octane Oil" and "Grass-Fed Butter" juxtaposes the zero sugar claims and clearly specifies the exact number of calories and saturated fats present per serving size. (FAC ¶¶ 18, 20.) Consequently, the Court does not believe that a reasonable consumer will be so deceived into

consuming unwanted calories, and thereby, unintentionally causing irreparable harm to oneself. *See Kane*, 2013 WL 3776172, at *9 (N.D. Cal. July 15, 2013) ("Given that the labels accurately disclose the total amount of sugar in each yogurt, the Court is not persuaded that [d]efendant's use of the term [evaporated cane juice] is likely to cause consumers to unintentionally consume excess sugar and to suffer irreparable health effects from the over-consumption of sugar.")

To warrant a preliminary injunction, the moving party must show a likelihood of irreparable injury.[3] As Altes has failed to do so here, she has not established that she is entitled to the extraordinary remedy of a preliminary injunction. Accordingly, the Court need not reach the likelihood of success on the merits, balance of hardships or the public interest.

### IV. CONCLUSION

For the foregoing reasons, **DENIES** Altes's Motion for Preliminary Injunction (ECF No. 31).

**IT IS SO ORDERED.**

February 25, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[3] To the extent that Altes asserts an irreparable harm due to deception in the marketplace, the Court finds the argument vague and speculative. *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007) ("Speculative injury cannot be the basis for a finding of irreparable harm." (citations omitted).)